Ulric Hicks v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-050-CR

     ULRIC HICKS,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 96-691-C
                                                                                                               

MEMORANDUM OPINION
                                                                                                                
 
      A jury convicted Appellant Ulric Hicks as a party to the commission of an aggravated
robbery. See Tex. Pen. Code Ann. §§ 7.01, 29.03(a)(2) (Vernon 1994). The jury sentenced
Hicks to five years’ imprisonment. At sentencing, the court entered a deadly weapon finding in
the judgment. In a single issue, Hicks argues that the court erred in entering a deadly weapon
finding in the judgment because this issue was not submitted to the jury for an affirmative finding.
      The indictment alleges that during the robbery Hicks “did then and there use and exhibit a
deadly weapon, to-wit: a handgun.” The evidence at trial reveals that Hicks’s co-defendant Jason
Bonner held a gun to the victim’s head while Hicks searched his pockets for money. The record
contains no evidence that Hicks himself used or exhibited a weapon. The court did not submit a
deadly weapon issue to the jury.
      The State concedes in its brief that the court erred in entering the deadly weapon finding but
argues that the error is harmless because aggravated robbery is a “3g” offense. See Tex. Code
Crim. Proc. Ann. art. 42.12, § 3g(a)(1)(F) (Vernon Supp. 1999). Section 3g applies not only
to the felonies enumerated in section 3g(a)(1) such as aggravated robbery but also to any felony
in which the jury returns an affirmative deadly weapon finding. Id. art. 42.12, § 3g(a)(2).
      Section 508.145 of the Government Code provides that if a defendant has been convicted of
an offense listed in section 3g(a)(1) (other than capital murder) or if a jury has returned an
affirmative deadly weapon finding under section 3g(a)(2) the defendant must serve the lesser of
30 calendar years or one-half of his sentence before he will become eligible for parole.


 See Tex.
Gov’t Code Ann. § 508.145 (Vernon 1998). Thus, the State argues the error is harmless because
regardless of whether a deadly weapon finding was made, Hicks must serve one-half of his
sentence for aggravated robbery before he will become eligible for parole.
      This Court recently rejected a similar argument. See Rachuig v. State, 972 S.W.2d 170, 179
(Tex. App.—Waco 1998, pet. ref’d). In Rachuig, we said:
We do not presume to know the effect this improper finding might have on [the
defendant]’s parole eligibility under the guidelines established by the Board of Pardons
and Paroles. See Tex. Gov’t Code Ann. § 508.144 (Vernon Supp. 1998). Moreover,
article 37.12 requires the court to enter “the proper judgment.” Tex. Code Crim. Proc.
Ann. art. 37.12 (Vernon 1981). Such a judgment must accurately recite any deadly
weapon findings. Id. art. 42.01, § 1(21), art. 42.12, § 3g(a)(2) (Vernon Supp. 1998);
cf. Asberry v. State, 813 S.W.2d 526, 529-31 (Tex. App.—Dallas 1991, pet. ref’d)
(appellate court modified judgment to reflect jury’s deadly weapon finding which trial
court had improperly failed to include in judgment).

Rachuig, 972 S.W.2d at 179. The same reasoning applies in this case. Accordingly, we sustain
Hicks’s sole issue. We modify the judgment to delete the deadly weapon finding and affirm the
judgment as modified.
 
                                                                               REX D. DAVIS
                                                                               Chief Justice


Before Chief Justice Davis
      Justice Cummings (not participating)
      and Justice Vance
Affirmed as modified
Opinion delivered and filed March 31, 1999
Do not publish